ORIGINAL

Stephen C. Woodruff
Attorney and Counselor at Law
2nd Flr., Hill Law Ofc. Bldg., Susupe
Tokcha Avenue at Lulai Way
P. O. Box 500770
Saipan, MP  96950
Tel.:   (670) 235-3872
Fax:   (670) 235-3873

Attorney for Plaintiff

**F I L E D**
Clerk
District Court

**MAY 1 2 2008**

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

CRISTETA L. SANTOS,                )    Civil Action No. CV 08 - 0023
                                   )
    **Plaintiff,**                  )
                                   )
    -v-                            )    **COMPLAINT**
                                   )
**WINNERS CORPORATION,**            )
                                   )
    **Defendant.**                  )
                                   )

## I
## NATURE OF THE ACTION

    1.    This is an action against Defendant under Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e., *et seq.*, as amended, for its unlawful and discriminatory employment practices towards Plaintiff in violation of Plaintiff's federally-protected rights.

    2.    Plaintiff complains about employment discrimination based on national origin and other impermissible grounds described in this Complaint, including, but not limited to: (a) discriminatory policies, practices, and/or procedures in discharging and hiring workers that deprived Plaintiff of equal employment opportunities. Plaintiff is seeking punitive damages, lost earnings, consequential damages, costs, and

1    attorney's fees to redress Defendant's unlawful and discriminatory employment

2    policies, practices, and/or procedures.

3         3.    Plaintiff further complains of Defendant's violation of Plaintiff's

4    Commonwealth law rights, including unlawful termination contrary to public policy,

5    and negligent and intentional infliction of emotional distress.

6
## II
## JURISDICTION AND VENUE
7

8         4.    Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as

9    amended, ("Title VII") applies to this matter through the Covenant to Establish a

10   Commonwealth of the Northern Mariana Islands in Political Union with the United

11   States of America, Article V, § 502(a)(2).

12        5.    This Court has jurisdiction over Plaintiff's Title VII claims pursuant to

13   42 U.S.C. § 2000e-5(e)(3), 28 U.S.C. § 1331(a) (federal question jurisdiction), and

14   28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating

15   commerce).

16        6.    This action is authorized and instituted pursuant to Section 706(f)(1) and

17   (3) of Title VII, 42 U.S.C. §§ 2000e-(f)(1) and (3).

18        7.    This Court has jurisdiction over Plaintiff's non-Title VII claims pursuant

19   to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

20        8.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and

21   42 U.S.C. § 2000e-5.(f)(3) because the unlawful employment practices and other

22   wrongful acts alleged herein were committed in Saipan, Commonwealth of the

23   Northern Mariana Islands.

24

25

### III
### PROCEDURAL REQUIREMENTS

9.     On or about May 7, 2007, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Saipan, Commonwealth of the Northern Mariana Islands.  The charges were filed within one hundred eighty (180) days after the occurrence of one or more of the unlawful employment practices alleged herein pursuant to 42 U.S.C. § 2000e.5(e)(1).

10.     On February 4, 2008, the EEOC issued Plaintiff a Notice of Right to Sue.  Plaintiff is filing this complaint within ninety (90) days after the date she received the Notice of Right to Sue in compliance with 42 U.S.C. § 2000e- 5(f)(1).  Attached hereto as **Exhibit "1"** and incorporated by reference is a copy of the Notice of Right to Sue.

11.     Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted her administrative remedies as required by law.

### IV
### PARTIES

12.     Plaintiff **CRISTETA L. SANTOS** is, and at all relevant times, was a citizen of the Republic of the Philippines residing in Saipan, Commonwealth of the Northern Mariana Islands (CNMI) and was an employee of Defendant, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.(f).

12.     Defendant **WINNERS CORPORATION**, on information and belief, is, and all relevant times, was a corporation organized and existing under the laws of the CNMI having its principal place of business on Saipan, CNMI.

13.   Defendant is, and at all relevant times, was engaged in an industry affecting commerce as defined under 42 U.S.C. § 2000e(g)(h) with more than 15 employees, and was an employer of Plaintiff within the meaning of 42 U.S.C. § 2000e(b).

## V
## STATEMENT OF FACTS

14.   Plaintiff is a foreign national worker (fka "nonresident worker") from the Republic of the Philippines.

15.   Plaintiff was hired as a sewer sometime in February 2003, and remained so employed pursuant to renewable 3-month temporary work authorization contracts (TWA contracts) approved by the CNMI Department of Labor (DOL) until her employment was terminated on December 20, 2006 due to contract non-renewal.

16.   At all relevant times, Defendant employed other Chinese workers under TWA contracts and 1-year employment contracts.

17.   At all relevant times, Plaintiff was the only Filipino assigned at line 8 of the sewer section of Defendant's garment factory where she performed her job in a workmanlike and exemplary manner and where she consistently met production quota imposed for each worker.

18.   On or about December 7, 2006, Plaintiff felt severe stomach pains while at work and requested her Chinese head supervisor named "Ms. Jin" that Plaintiff be excused from overtime work that day.   Ms. Jin denied Plaintiff's request and instructed Plaintiff to work overtime that day.

19.   The next following days, Plaintiff continued to feel severe stomach pain and repeatedly requested Ms. Jin to be excused from overtime work.   Ms. Jin repeatedly refused to grant Plaintiff's request.

20.    Plaintiff, despite her severe stomach pains and because she was fearful of losing her job, followed her Chinese supervisor's instructions and continued to perform overtime work for Defendant.

21.    Plaintiff is informed and believes, and thereon alleged, that similar requests made by ailing Chinese workers for excuse from work for medical reasons, were routinely granted by Defendant.

22.    On or about December 12, 2006, Plaintiff's stomach pain had become so severe and unbearable that when Plaintiff went to the restroom, Plaintiff noticed that there already blood strains in her stool. Plaintiff decided to go home that night.

23.    On or about December 13, 2006, Plaintiff went to the Commonwealth Health Center (CHC) for medical check-up where she was given by the attending physician an illness certification slip stating that Plaintiff was suffering from "GI bleeding" and was unfit for work duty. Plaintiff was scheduled for another medical check up the next following day.

24.    On or about December 14, 2006, Plaintiff went back to CHC for the scheduled medical check-up where she was issued another illness certification slip by the attending physician diagnosing her illness as being "ulcer" and that Plaintiff would be unfit for work until about December 16, 2006.

25.    Plaintiff submitted both the December 13, 2006 and December 14, 2006 illness certification slips to Defendant.

26.    On or about December 15, 2006, and after completing medical treatment at CHC, Plaintiff was issued another medical certificate stating that she can resume work. Plaintiff immediately reported to the office and submitted the December 15, 2006 certification to Defendant.

27.    To Plaintiff's surprise, Ms. Jin told her that her TWA contract that was then due to expire on December 20, 2006 would not be renewed. When Plaintiff asked Ms. Jin why her contract was not being renewed, the latter told her that Plaintiff refused to work overtime and because "she was the only Filipina in her line."

28.    Plaintiff explained to Ms. Jin that she had never been absent before, and that Plaintiff was unable to work overtime on December 12, 2006 due to her already bleeding ulcer and that she was absent the following days as per medical advice.

29.    Plaintiff also complained to Ms. Jin why her contract was not renewed when she had been performing her tasks in an exemplary manner and had worked overtime as Ms. Jin instructed despite severe stomach pains.

30.    Ms. Jin insisted that Plaintiff's contract would not be renewed and represented to Plaintiff that the company would not be renewing all TWA contract workers.

31.    Plaintiff also spoke to a Chinese secretary in the office who told her that TWA contract would not be renewed because she incurred "expensive" hospital billings which the company is being made to pay.

32.    Plaintiff is informed and believes, and thereon alleges, that Chinese workers who became sick and incurred medical expenses in the process were not terminated by the Company on the basis of incurring medical expenses which the company was required to pay pursuant to the TWA contract and the applicable CNMI laws.

33.    Plaintiff is informed and believes, and thereon alleges, most, if not all of the Chinese TWA workers were continuously renewed after their TWA contracts expired contrary to what Ms. Jin represented that all TWA contract workers would not be renewed.

34.    Plaintiff believes that she was terminated due to national origin.

35.    Plaintiff further believes that she was terminated in violation of public policy due to her medical expenses which CNMI law requires be borne by the employer.

36.    Plaintiff further is informed and believes, and thereupon alleges, that Chinese workers would be renewed notwithstanding medical expenses.

# VI
# CAUSES OF ACTION

## First Cause of Action
### Violation of Title VII

37.    Paragraphs 1 through 36 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

38.    Defendant's discharging Plaintiff on account of her national origin constitutes an unlawful employment practice in violation of 42 U.S.C. Section 2000e-2(a)(1)(2).

39.    Defendant's unlawful and discriminatory practices as alleged above deprived Plaintiff of equal employment opportunities or otherwise adversely affected her status as an employee because of Plaintiff's national origin.

40.    As a direct and proximate result of Defendant's decision to terminate Plaintiff's employment, Plaintiff has suffered and will continue to suffer a substantial loss of earnings to which she otherwise would have earned.

41.    Defendant engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

**Second Cause of Action**
Differential Treatment on Relief from Work for Physical Ailments

42.     Paragraphs 1 through 36 above are incorporated herein by reference as if fully pleaded in this Second Cause of Action.

43.     Defendant's refusal to excuse Plaintiff from work when she was suffering physical ailment and pain, while routinely excusing Chinese nationals for comparable reasons, constitutes an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a)(2).

44.     Defendant's unlawful and discriminatory practices as alleged above deprived Plaintiff of equal employment opportunities or otherwise adversely affected her status as an employee because of Plaintiff's national origin.

45.     Defendant engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

**Third Cause of Action**
Unlawful Termination Contrary to Public Policy

46.     Paragraphs 1 through 36 above are incorporated herein by reference as if fully pleaded in this Third Cause of Action.

47.     At all times during Plaintiff's employment with Defendant, the laws of the Commonwealth of the Northern Mariana Islands required that employers be "responsible and liable for the insurance or payment of all medical expenses" of foreign national workers such as Plaintiff.  3 CMC § 4437(c).

48.     By terminating Plaintiff's employment on account of her medical expenses, Defendant breached Plaintiff's reasonable expectation of continued employment and violated Commonwealth public policy that employers of foreign

-8-

national workers be responsible for those workers' medical expenses without charge back to the employee or other adverse effect on the employment relationship.

49.    As a direct and proximate result of Defendant's decision to terminate Plaintiff's employment in violation of public policy, Plaintiff has suffered and will continue to suffer a substantial loss of earnings to which she otherwise would have earned.

### Fourth Cause of Action
Intentional Infliction of Emotional Distress

50.    Paragraphs 1 through 49 above are incorporated herein by reference as if fully pleaded in this Fourth Cause of Action.

51.    Defendants, in committing the above-described acts, intended to and did inflict severe emotional distress upon Plaintiff.  Defendants acted with a reckless disregard of the probability of causing emotional distress to Plaintiff.

52.    As a direct result of the outrageous acts and omissions, conduct, and discrimination, Plaintiff became physically distraught and sustained shock to her nervous system and suffered severe emotional distress, all resulting in damages to her in an amount to be proven at trial.

53.    Defendant engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

### Fifth Cause of Action
Negligent Infliction of Emotional Distress

54.    Paragraphs 1 through 53 above are incorporated herein by reference as if fully pleaded in this Fifth Cause of Action.

55.    Defendant knew Plaintiff was suffering physical ailment and pain, and knew or should have known that requiring Plaintiff to work overtime despite her discomfort would make her susceptible to severe emotional distress and aggravate any medical condition.  Defendant further knew or should have known that refusing to accommodate Plaintiff while routinely excusing Chinese nationals under comparable circumstances would exacerbate Plaintiff's distress and risk of further stress-induced physical injury.

56.    As Plaintiff's employer, Defendant was under a legal duty to treat Plaintiff reasonably, fairly, and with due regard to her physical and mental health.

57.    Defendant engaged in negligent conduct in refusing to relieve Plaintiff from overtime duty in consideration of her physical pain and apparent medical condition, and in terminating Plaintiff's employment by non-renewal of her TWA.

58.    As a proximate result of Defendant's breach of its legal duties as alleged herein, and Defendant's failure to exercise due care with respect to the risks of which it was aware or should have been aware, Plaintiff suffered severe emotional distress, mental anguish, humiliation, mental suffering, and physical distress, entitling her to damages according to proof.

59.    In performing the aforesaid unconscionable actions and omissions, Defendant acted willfully or in reckless disregard of Plaintiff's rights and welfare thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests for the following relief:

(1)    An award of punitive damages and lost earnings according to law and proof under the First Cause of Action;

(2)     An award of punitive damages and lost earnings according to law and proof under the Second Cause of Action;

(3)     An award of expectation and consequential damages and lost earnings according to law and proof under the Third Cause of Action'

(4)     An award of compensatory, incidental, and punitive damages under the Fourth Cause of Action;

(5)     An award of compensatory, incidental, and punitive damages under the Fifth Cause of Action;

(6)     An award of reasonable attorney's fees and costs; and

(7)     Such other and further relief as this Court deems just and proper.

DATED this 12th day of May 2008.

STEPHEN C. WOODRUFF
Attorney for Plaintiff

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:    Cristeta L. Santos
       Pmb 279 Box 10003
       Saipan, MP 96950

From:  Honolulu Local Office
       300 Ala Moana Blvd
       Room 7-127
       Honolulu, HI 96850

[ ] On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2007-00273 | **James Yao,** Investigator | **(808) 541-3720** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Timothy A. Riera,
Director

2/4/06
(Date Mailed)

Enclosures(s)

cc:    Richard Pierce, Esq.
       Attorney at Law
       P.O. Box 503514
       Saipan, MP 96950

Exhibit "I"